**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Tyrone Alderson, | ) | |
| Plaintiff, | ) | |
| | ) | No. 22CV1193 |
| v. | ) | |
| | ) | |
| Sheriff of Cook County, | ) | Judge Robert W. Gettleman |
| et al., | ) | Mag. Judge Jeffrey Cole |
| Defendants. | ) | JURY DEMANDED |

**DEFENDANT COOK COUNTY'S ANSWER**
**TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES**

NOW COMES Defendants STURDIVANT, GULTNEY, AND LARRY, (hereinafter "Defendants") by their attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her Assistant State's Attorneys MOLLY E. TRIOLO and JOEL ZEID, and answer Plaintiff's Complaint as follows:[1]

1.      This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343.

**ANSWER: Defendants admit the allegations contained in this paragraph and deny any wrongdoing.**

2.      Plaintiff Tyrone Alderson was a detainee at the Cook County Jail in February 2020 when he was attacked by another detainee while one or more of the defendants stood by.

**ANSWER: Defendants admit that Plaintiff was a detainee at the Cook County Jail in February 2020 and that Plaintiff and another detainee were involved in an altercation. Defendants deny the remaining allegations contained in this paragraph.**

---

[1] On May 11, 2022, Defendant Cook County filed an Answer to Plaintiff's Complaint. (Dkt. 18). On May 16, 2022, Defendant Sheriff of Cook County filed a Motion to Dismiss. (Dkt. 19).

3.      Correctional Lieutenant Johnetta Sturdivant was at all relevant times acting under color of authority as a correctional lieutenant employed by the Sheriff of Cook County; plaintiff brings only individual capacity claims against Sturdivant.

**ANSWER: Defendants admit the allegations contained in this paragraph.**

4.      Correctional Officers Jerome Gultney, #14998 and Kenneth Larry, #6055 were at all relevant times acting under color of their authority as correctional officers employed by the Sheriff of Cook County; plaintiff brings only individual capacity claims against these defendants.

**ANSWER: Defendants admit the allegations contained in this paragraph.**

5.      Defendant Sheriff of Cook County is sued in his official capacity for injuries plaintiff incurred as the result of the Sheriff's policies and widespread practices described below.

**ANSWER: Defendants admit that Plaintiff sues Defendant Sheriff of Cook County in his official capacity. Defendants deny the remaining allegations contained in this paragraph.**

6.      Defendant Cook County is joined in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

**ANSWER: Defendants admit the allegations contained in this paragraph. Because Defendant Cook County remains in this action only for the purpose of indemnification, Defendants contend that Defendant Cook County should not have any discovery obligations going forward. *Wallace v. Masterson*, 04 C 1827, 345 F. Supp. 2d 917, 926-27 (N.D. Ill. Nov. 23, 2004)(Filip, J.)(granting Cook County's request that it not be subject to discovery where it was named in the lawsuit solely for purposes of indemnification).**

7.      In February of 2020, pretrial detainees awaiting a court appearance were held in various "bullpens." The bullpen at issue in this case is shown below:



**ANSWER: Defendants object that there is no foundation for the above photograph included by Plaintiff. Defendants admit that detainees are sometimes held in areas referred to as bullpens. Defendants deny any wrongdoing.**

8.      On the morning of February 21, 2020, plaintiff was sitting in the above referred "bullpen" when, at 7:17:17 a.m., correctional officers placed another detainee, William Carr, into that bullpen, who is show below walking through the door to the bullpen:



**ANSWER: Defendants object that there is no foundation for the above photograph included by Plaintiff. Defendants admit that Plaintiff was located in a bullpen on February 21, 2020 at approximately 7:16 a.m. Defendants deny any wrongdoing.**

9.      Carr noticed plaintiff in the bullpen and gestured to him:



**ANSWER: Defendants object that there is no foundation for the above photograph included by Plaintiff. Defendants deny the allegations contained in this paragraph.**

10.     Carr then walked to plaintiff and began to beat and strike him about the head, as

shown below:



**ANSWER: Defendants object that there is no foundation for the above photograph included by Plaintiff. Defendants admit that Plaintiff was involved in an altercation, but deny any wrongdoing.**

11.     Plaintiff made his way to the door of the bullpen to plead for assistance from the officers who were outside of the bullpen, as shown below:



**ANSWER: Defendants object that there is no foundation for the above photograph included by Plaintiff. Defendants deny the allegations contained in this paragraph.**

12.     Defendants Gultney and Larry heard plaintiff's pleas but failed to respond. Defendant Gultney eventually opened the door and stood by while Carr continued to attack plaintiff:



**ANSWER: Defendants object that there is no foundation for the above photograph included by Plaintiff. Defendants deny the allegations contained in this paragraph.**

13. Defendants Gultney and Larry could have, but refused to, intervene to stop Carr from continuing to beat and strike plaintiff; defendants Gultney and Larry thereby caused plaintiff to receive serious personal injuries.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

14. The incident described above was not the first time that Carr targeted plaintiff. About two months earlier, Carr attacked plaintiff and physically injured him; plaintiff reported the incident to officials at the Jail and told them that he wanted to press charged against Carr.

**ANSWER: Defendants admit that Plaintiff and detainee Carr were involved in an incident in December 2019. Defendants deny the remaining allegations contained in this paragraph.**

15. To prevent future harm to detainees who report a physical attack by another detainee, the official policies of the Sheriff of Cook County authorize issuance of a "Keep Separate Order" to prevent the two detainees from being held in the same bullpen awaiting court.

**ANSWER: Defendants admit that there is a Cook County Department of Corrections Policy regarding Keep Separate Orders, but deny any wrongdoing.**

16. Defendant Sturdivant learned of the initial attack by Carr when Sturdivant reviewed a grievance that plaintiff had filed.

**ANSWER: Defendants admit that Defendant Sturdivant responded to Plaintiff's Grievance with control # 201913336. Defendants deny any wrongdoing.**

17. Defendant Sturdivant also learned that a "Keep Separate Order" had not been issued.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

18. Defendant Sturdivant turned a blind eye to the likelihood that Carr would again beat and strike plaintiff if the two were held in the same bullpen and did not cause a "Keep Separate Order" to be issued.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

6

19.     Plaintiff expects that discovery will uncover numerous detainee altercations that would not have occurred had a "Keep Separate Order" been issued when necessary and that defendant Sheriff was aware of the failure of correctional staff to properly implement the "Keep Separate Order" policy. Plaintiff also expects that discovery will show that the Sheriff turned a blind eye to the failure of the correctional staff to implement the "Keep Separate Order" policy.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

20.     As a result of the foregoing, plaintiff was deprived of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United Stated and suffered physical injuries and experienced pain and suffering.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

21.     Plaintiff demands trial by jury.

**ANSWER: Defendants admit that Plaintiff demands trial by jury.**

WHEREFORE plaintiff requests that appropriate compensatory and punitive damages by awarded against defendant Gultney, Larry, and Sturdivant, that appropriate compensatory damages be awarded against defendant Sheriff, and that the costs of this action, including fees and costs, by taxed against defendant Sheriff.

**ANSWER: Defendants deny that Plaintiff's constitutional rights were violated and further deny that Plaintiff is entitled to any of the relief listed in this paragraph.**

## AFFIRMATIVE DEFENSES

Further answering Plaintiff's Complaint, Defendants allege the following separate affirmative defenses against Plaintiff:

### I.     Qualified Immunity

1.     With respects to Plaintiff's claims, Defendants did not cause the deprivation of any Constitutional rights of Plaintiff.

2.     The conduct of Defendants was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional rights.

3.     Accordingly, Defendants are entitled to the defense of qualified immunity.

**II.     Immunity from Punitive Damages**

4.     To the extent Plaintiff seeks punitive damages from Defendants in their official capacities, Defendants assert immunity from same.

5.     First, an official capacity suit is tantamount to a claim against the government entity itself. *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007).

6.     Second, a municipality is immune from punitive damages under 42 U.S.C. §1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

7.     Thus, Defendants are immune from punitive damages in their official capacities.

**III.     Failure to Mitigate**

8.     To the extent it is revealed that Plaintiff failed to take reasonable measures to mitigate his alleged injuries and damages, those facts shall be presented to preclude recovery for Plaintiff.

**IV.     42 U.S.C. §1997e(a)**

9.     Under Section 1997e(a) of the Prisoner Litigation Reform Act (the "PLRA") plaintiff must exhaust his administrative remedies before filing a Section 1983 lawsuit for damages.

10.     Plaintiff has not exhausted his administrative remedies as the PLRA requires. *See Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004).

Defendant reserves the right to amend the affirmative defenses at any point throughout the course of discovery.

## JURY DEMAND

With regard to any issue that may be appropriately heard by a jury in this cause of action, Defendant hereby demands a jury trial.

WHEREFORE, based on the foregoing, Defendant denies that Plaintiff is entitled to any relief, including by not limited to nominal and compensatory damages, costs, and attorneys' fees. Defendant prays that this Court grant judgment in favor of Defendant and against Plaintiff on all counts, and further requests that this Court grant judgment in favor of Defendant and against Plaintiff for costs, attorneys' fees, and such other relief that this Court deems just and appropriate.

Respectfully submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

By:    */s/Molly Triolo*
Molly Triolo
*/s/ Joel Zeid*
Joel Zeid
Assistant State's Attorneys
500 Richard J. Daley Center
Chicago, Illinois 60602
Molly Triolo@ cookcountyil.gov

## <u>CERTIFICATE OF SERVICE</u>

Molly E. Triolo, hereby certifies that, in accordance with Fed. R. Civ. P. 5. and LR 5.5 and the General Order on Electronic Case Filing (ECF), the foregoing was served pursuant to the District Court's ECF system as to ECF filers on May 16, 2022.

*/s/ Molly E. Triolo*

Molly E. Triolo