IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TYRONE ALDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.   22 C 1193 |
| | ) | |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| SHERIFF OF COOK COUNTY; COOK | ) | |
| COUNTY, ILLINOIS; JOHNETTA | ) | |
| STURDIVANT; JEROME GULTNEY; and | ) | |
| KENNETH LARRY | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Tyrone Alderson has brought a one count complaint against the Sheriff of Cook County, Illinois in his official capacity, Cook County, Illinois, and correctional officers Johnetta Sturdivant, Jerome Gultney, and Kenneth Larry, seeking damages for injuries he sustained when he was attacked by another detainee while he was detained in Cook County Jail.   The individual officers and Cook County have answered the complaint.   The Sheriff has moved under Fed. R. Civ.12(b)(6) to dismiss the claim against him for failure to properly plead a Monell claim under 42 U.S.C. §1983.   For the reasons stated below, the Sheriff's motion is denied.

## BACKGROUND

Plaintiff alleges that while he was detained at Cook County Jail he was attacked by William Carr, another detainee at the jail.   Plaintiff promptly notified Jail authorities about the attack. Sturdivant, a Correctional Lieutenant, learned of the attack, and also learned that correctional staff had not issued a "Keep Separate Order" that would have implemented the Sheriff's policy to prevent repeated attacks.

Two months later, Carr again attacked plaintiff. The attack was recorded by surveillance video. Plaintiff alleges that that Gultney and Larry failed to intervene to stop the attack, and that Sturdivant "turned a blind eye to the likelihood that Carr would again beat and strike plaintiff if the two were to be held in the same bullpen and did not cause a 'Keep Separate Order' to be issued." As noted, Gultney, Larry, and Sturdivant have answered the complaint.

Plaintiff also alleges that the Sheriff was aware of the need to separate detainees where one had reported a physical attack by another and had adopted a policy to prevent such attacks. That policy authorizes issuance of a Keep Separate Order, which plaintiff claims would have prevented the second attack if the policy had been followed and the order issued. Instead, plaintiff alleges that the Sheriff was aware that the policy was not properly implemented, leading to numerous violent altercations in the Jail, and that the Sheriff has "turned a blind eye to the failure to properly implement the policy."

## DISCUSSION

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); see Gibson v. City of Chi., 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis, but must also be facially plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Plaintiff's claim against the Sheriff is brought pursuant to Monell v. Dep't of Social Services, 436 U.S. 658 (1978). To state a Monell claim, plaintiff must plead factual material that

2

would allow the court to plausibly infer that: 1) he has suffered a deprivation of a constitutional right; and 2) an official custom or policy of the Sheriff caused that deprivation. See McCauley v. City of Chi., 671 F.3d 611, 616 (7th Cir 2011); Monell, 436 U.S. at 690. For the latter element, the plaintiff will ultimately have to establish that his constitutional violation was "caused by: 1) an express municipal policy; 2) a widespread, though unwritten, custom or practice; or 3) a decision by a municipal agent with final policy making authority." Milestone v. City of Monroe, Wisc., 665 F.3d 774, 780 (7th Cir. 2011).

The Sheriff argues that plaintiff has failed to allege a widespread custom or practice because plaintiff has pled only one instance (plaintiff's own claim) of a failure to implement the express policy. It is true, as noted above, that to establish his claim, plaintiff will have to demonstrate a widespread practice that permeated the Jail, supported by other instances of detainees suffering second attacks after reporting the first. Rodriguez v. Mohammad, 2020 WL 5800816 at *3 (N.D. Ill. Sept. 9, 2020). What plaintiff must prove to establish a Monell claim, however, is different than what he must allege to state such a claim. The Seventh Circuit has reminded courts not to apply a "heightened pleading standard" to Monell claims. White v. City of Chi., 829 F.3d 837, 844 (7th Cir. 2016). Instead, Monell claims may proceed "even with conclusory allegations that a policy or practice existed, so long as facts are pled that put the defendants on proper notice of the alleged wrongdoing." Rodriguez, 2020 WL 5800816, at *3. The instant complaint does just that. Indeed, in White, the Seventh Circuit noted that the plaintiff was "not required to identify every other or even one other individual who had been [injured by] the complained-of process." White, 829 F.3d at 844. Plaintiff's allegation that his second attack was the result of a widespread practice of ignoring the policy established to prevent second attacks

3

is sufficient to state a claim. See Barwicks v. Dart, 2016 WL 3418570, at * 4 (N.D. Ill. June 22, 2016) (rejecting defendant's argument that plaintiff's allegation of his own injury was merely a "single incident," and holding that plaintiff sufficiently alleged a Monell claim). Consequently, the court concludes that plaintiff's complaint states a claim and the Sheriff's motion to dismiss is denied.

## CONCLUSION

For the reasons described above, the Sheriff of Cook County's motion to dismiss [Doc. 19] is denied. The Sheriff is directed to answer the complaint by July 18, 2022.

**ENTER:**

_____
**Robert W. Gettleman**
**United States District Judge**

**DATE: June 26, 2022**